UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN


TAJUAN WILLIAMS,

               Plaintiff,

v.                                    CASE NO. 08-15334
                                    HONORABLE NANCY G. EDMUNDS

FLINT TOWNSHIP POLICE DEPARTMENT,
RUSSELL FRIES, JAMES SANTAS,
GEORGE M. SIPPERT, JAMES HICKS, THE
MICHIGAN DEPARTMENT OF CORRECTIONS,
CHRIS CRYSLER, RAYMOND MASCORRO,
SHIRLEE HARRY, RAY WOLFE,
STEPHEN MARSCHKE, PATRICIA L. CARUSO,
THE STATE OF MICHIGAN, MIKE COX,
JENNIFER M. GRANHOLM, MICHIGAN STATE
POLICE TECHNICAL SERVICE UNIT, JIM MCDONALD,
MICHIGAN STATE POLICE HEADQUARTERS,
TONY TAGUE, and KAREN HANSON,

               Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

      Plaintiff Tajuan Williams, an inmate in the custody of the Genesee County Sheriff's

Department in Flint, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Defendants are:  the Flint Township Police Department, three of its employees, and an inmate

who served as a confidential informant for the Department; the Michigan Department of

Corrections and six of its employees; the State of Michigan and two of its elected officials; the

Michigan State Police Headquarters, its Technical Service Unit, and Jim McDonald, an

employee in the Unit; and two prosecuting attorneys.

Plaintiff alleges that, on April 10, 2007, he was arrested and charged with homicide, among other things. Plaintiff claims that the charges resulted from an improper institutional transfer and from illegally obtained evidence. It appears that state correctional employees cooperated with law enforcement officials and transferred Plaintiff from one prison to another prison where Plaintiff's conversation with an inmate named James Hicks was secretly recorded. Plaintiff apparently was prosecuted as a result of what he said during his conversation with Hicks. He seeks declaratory, injunctive, and monetary relief and an investigation into possible civil rights violations, pursuant to 18 U.S.C. § 242.

**II. Discussion**

    **A. Standard of Review**

Federal district courts must

> undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (concerning review of *in forma pauperis* actions); 28 U.S.C. § 1915A. *See also* 42 U.S.C. § 1997e(c)(1) (requiring courts to dismiss actions which state no claim on which relief may be granted even if the defendant makes no motion). Specifically, Section 1915A requires district courts to screen, "as soon as is practicable after docketing," prisoner complaints against governmental officials or entities to determine, among other things, whether they state claims on which relief may be granted. 28 U.S.C. § 1915A.

*Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel. . . ." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones*, 549 U.S. at 918-19.

A federal district court may dismiss a prisoner's civil rights action or any portion of it if

the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing under 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28). Courts must ask "whether [the plaintiff's] complaint makes an arguable legal claim and is based on rational facts." *Id.* at 923-24.

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted).

Courts may not summarily dismiss a plaintiff's complaint under 28 U.S.C. § 1915(e)(2) if the plaintiff prepaid the filing fee for his or her complaint. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening fee-paid prisoner civil rights complaints against government officials under §1915A.[1]  *Hyland v. Clinton*,

_____

[1] "The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees.  In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving

3

3 Fed. Appx. 478, 478-79 (6th Cir. 2001) (unpublished opinion).  A district court also may *sua sponte* dismiss a complaint at any time for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Dismissal pursuant to Rule 12(b)(1) applies when the allegations in the complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Id.*

### B. Application

#### 1. The Claims

Plaintiff prepaid the filing fee for this action, but his claims are frivolous and fail to state a claim because they challenge a criminal prosecution.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff has not alleged or otherwise shown that the disputed charges or the resulting confinement have been invalidated by state officials or impugned on federal habeas corpus review, and success in this action could demonstrate the invalidity of the charges.  Therefore, Plaintiff's claims are not cognizable under § 1983.

The Court cannot grant Plaintiff's request for an investigation pursuant to 18 U.S.C. §§

---

government defendants.   Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process."  *McGore*, 114 F.3d at 608.

4

241-242, because

> [g]enerally, a private citizen has no authority to initiate a federal criminal
> prosecution, *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir. 1964).  Only the
> United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242
> (the criminal analogue of 42 U.S.C. § 1983), *Dugar v. Coughlin,* 613 F. Supp.
> 849 (S.D. N.Y. 1985); *Fiorino v. Turner,* 476 F. Supp. 962 (D. Ma.1979) . . . .

*Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

### 2.  Specific Defendants

Some of the named defendants are subject to dismissal for the following additional

reasons.  "[D]amage claims against governmental officials alleged to arise from violations of

constitutional rights cannot be founded upon conclusory, vague or general allegations, but must

instead, allege facts that show the existence of the asserted constitutional rights violation recited

in the complaint and what *each* defendant did to violate the asserted right."  *Terrance v.

Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

Plaintiff makes no mention of Michigan Attorney General Mike Cox or Michigan Governor

Jennifer Granholm in his statement of facts, and he has not shown that either one of those

defendants was personally involved in prosecuting him or in the events leading to his

prosecution.  This leads the Court to believe that Plaintiff is suing Attorney General Cox and

Governor Granholm under a *respondeat superior* theory of liability.  *Respondeat superior* or

vicarious liability is not a basis for relief under § 1983.  *Canton, Ohio v. Harris*, 489 U.S. 378,

385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95

(1978)).

The State of Michigan, the Michigan Department of Corrections, and the Michigan State

5

Police enjoy immunity from suit under the Eleventh Amendment to the United States Constitution because the State has not consented to being sued in civil rights actions in the federal courts. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana* 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The Flint Township Police Department is dismissed because Plaintiff has not shown that the alleged injuries were caused by the execution of an official policy or custom of the Police Department. *Monell*, 436 U.S. at 694.

### III.  Conclusion

The Court concludes for all the reasons given above that Plaintiff's claims are frivolous and fail to state a claim for which relief may be granted. Accordingly, the defendants are not required to honor the summonses issued in this case, and the complaint is summarily DISMISSED pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 12(b)(1). Plaintiff may not pursue an appeal from this order *in forma pauperis*, because the issues are frivolous and an appeal could not taken in good faith  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore*, 114 F.3d at 610-11.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated:  January 16, 2009


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 16, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager


Dated:

7